# STATE OF MICHIGAN

# COURT OF APPEALS

In re M. A. MENCHACA, Minor.

UNPUBLISHED
June 23, 2016

No. 329638
Wayne Circuit Court
Family Division
LC No. 14-515539-NA

Before: TALBOT, C.J., and MURRAY and SERVITTO, JJ.

PER CURIAM.

Respondent father appeals as of right from the trial court order terminating his parental rights to the minor child under MCL 712A.19b(3)(a)(*i*), (a)(*ii*), (g), and (j). We affirm.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re Van Dalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). A trial court must also find by a preponderance of the evidence that termination is in the child's best interests before it can terminate parental rights. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's findings of fact are reviewed for clear error. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

In this case, petitioner concedes that the trial court improperly terminated respondent's parental rights under MCL 712A.19b(3)(a)(*i*). Termination under this section, which requires evidence that the parent is unidentifiable, could not be established in the instant case where respondent was clearly identified as the child's father. Although the trial court clearly erred in relying upon § (a)(*i*), this error was harmless in light of the evidence supporting termination of respondent's parental rights under the other statutory grounds cited by the trial court. *In re Powers, Minors*, 244 Mich App 111, 118; 624 NW2d 472 (2000).[1]

Termination of parental rights was proper under MCL 712A.19b(3)(a)(*ii*). Termination under this section requires evidence that the "parent has deserted the child for 91 or more days

---

[1] In his appeal brief, respondent mistakenly identified MCL 712A.19b(3)(c)(*i*) and (c)(*ii*) as grounds under which the court terminated his parental rights. The written order, however, cites only MCL 712A.19b(3)(a)(*i*), (a)(*ii*), (g), and (j).

and has not sought custody of the child during that period." A parent's failure to make any substantial effort to visit or communicate with the child or seek custody of the child for a period in excess of the statutory period establishes desertion. See *In re TM*, 245 Mich App 181, 194; 628 NW2d 570 (2001), overruled in part on other grounds, *In re Morris*, 491 Mich 81; 815 NW2d 62 (2012). Here there was sufficient evidence that respondent had failed to make any substantial effort to visit or communicate with his son or seek custody of him for a period in excess of 91 days. The record shows that the trial court assumed jurisdiction on March 3, 2014, because respondent failed to visit or support the child. From the time the child was removed from his mother's care in January 2014, respondent did not visit until August 21, 2015, a period exceeding 91 days. Although respondent said he gave $50 for the child's care at one point and had some telephone communication with the child, respondent admitted that he believed he was out of the child's life and did not do anything during this period. Thus, any effort respondent made to communicate or support the child was not sufficient to undermine the court's finding under MCL 712A.19b(3)(a)(*ii*).

The trial court also properly terminated respondent's parental rights under MCL 712A.19b(3)(g) and (j) because respondent was unable to care for his son, who would be at risk of harm in respondent's care. In his brief on appeal, respondent claims that petitioner based its decision to pursue permanent custody on his past conduct and that the trial court prioritized the child's placement with his aunt over respondent's actions. These claims are unsupported by the trial court's record. Although respondent, who lived in Illinois, said he wanted to move to Michigan, he did not have a plan in place to move or to care for the child. It was also questionable whether respondent had enough income to support a child. He did not have independent housing. He had not addressed his domestic violence issues or demonstrated that he had proper parenting skills, which would have put the child at risk of harm in respondent's care.

Respondent further argues that he made great strides on his treatment plan in less than one month. This claim is unpersuasive. It was not until petitioner filed a termination petition, in August 2015, that respondent sought counseling services in Illinois. Respondent chose to not engage in services and not to have contact with the caseworker or the trial court until that point, although he was well aware that the minor child was in foster placement. Respondent was no more prepared to have the child placed in his care 18 months after the trial court took jurisdiction than he was at the outset of the case. Thus, the trial court did not clearly err when it terminated respondent's parental rights under MCL 712A.19b(3)(g) and (j).

Respondent also asserts that termination of parental rights was not in the child's best interests. However, respondent failed to support this claim in his brief on appeal. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *Moss*, 301 Mich App at 90.

In this case, termination of parental rights was in the child's best interests. There was no evidence respondent could care for the child or provide him with a safe and stable home environment. There was also no evidence of any bonding between respondent and the child. Respondent's claim that a guardianship would have given him additional time to comply with his

treatment plan and strengthen his relationship with his son does not undermine the court's best-interest finding. Here guardianship was not a long-term, stable plan that would have benefited the child.

Although not raised in respondent's brief on appeal, the child was residing with his paternal aunt, a relative. "[A] child's placement with relatives weighs against termination under MCL 712A.19a(6)(a)." *Olive/Metts*, 297 Mich App at 43 (citation omitted). If a child is living with relatives when the termination hearing occurs, then the trial court should consider that as an "explicit factor" in determining if termination is in the child's best interests. *Id.* (citation omitted). "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Id.* (citation omitted). Here the trial court considered the child's placement with his relative and specifically noted that this placement was in the child's best interests because he was doing well in placement and his aunt was willing to adopt him. Thus, the trial court did not err in its best-interest determination.

Affirmed.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Deborah A. Servitto